**Ruben SEGURA, a/k/a Aaron Perez; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–70952.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* John Ashcroft is the proper respondent. The

Submitted June 15, 2004.**

Decided June 23, 2004.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Patrick Shen, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM ***

Ruben Segura, and his wife, Mirna G. Barillas–Galdamez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their application for suspension of deportation. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the discretionary determination that Petitioners failed to establish extreme hardship rendering them ineligible for suspension of deportation. *See Kalaw v. INS,* 133 F.3d 1147, 1151–52 (9th Cir.1997).

Because the transitional rules apply, *see id.* at 1150, we have jurisdiction under 8

clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1105a(a). We review de novo due process contentions. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002).

■ Petitioners' contention that the BIA's decision "without opinion" violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Petitioners' contention their due process rights to a neutral factfinder were violated because the IJ was biased against them is not supported by the record and lacks merit. Although the record reflects that the IJ questioned Petitioners and managed the hearing testimony, it does not reflect that the IJ prevented Petitioners from supplying testimony on their own behalf or that Petitioners were prejudiced by the lack of a full and fair hearing. *See Taha v. Ashcroft*, 362 F.3d 623, 629 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**